## BOATWRIGHT v. NORTHEASTERN RAILROAD COMPANY.

1. In action by a car coupler against a railroad company for injuries received by him while coupling cars, there being some testimony as to the failure of defendant to furnish proper couplers, and that the conductor of the train had ordered the coupling to be done with improper couplers, a non-suit should not be granted.

2. The question of contributory negligence involves an issue of fact that must be submitted to the jury.

3. Whether the injury in this case resulted from a risk incident to plaintiff's employment was a question of fact that could not be passed upon by the judge on a motion for non-suit.

4. The conductor of a train is the representative of the company, and not a fellow-servant with other employes operating the same train, under his orders.

5. The doctrine of the case of *Murray* v. *South Carolina Railroad Company* (1 *McMull.*, 385)—that a master is not liable to his servant for an injury caused by the negligence of his fellow-servant—has not been modified by subsequent decisions in this State, but is still recognized law.

6. The Circuit Judge erred in charging the jury that "the employe does not take the risk of accident happening from the incompetency, ignorance, or culpable misconduct of his co-laborer."

7. The engineer and coupler of a freight train are fellow-servants, and for injury to one caused by the other's negligence, the master is not liable. MR. JUSTICE McGOWAN concurred in the result.

Before ALDRICH, J., Sumter, October, 1885.

This was an action by Sam Boatwright against the Wilmington, Columbia & Augusta Railroad Company and the Northeastern Railroad Company, lessees of the Central Railroad Company, for an injury done to him by a train of freight cars on the Central Railroad at Sumter while he was coupling two cars. The plaintiff was a brakeman and car coupler of the train. The accident occurred on the night of September 29, 1883, and this action was commenced September 10, 1885. Other matters are stated in the opinion of the court.

*Mr. J. H. Rion*, for appellants.

*Messrs. Moises & Lee*, contra.

June 22, 1886.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    The plaintiff brings this action to recover damages for an injury sustained by him while in discharge of his duty as car coupler on the Central Railroad of South Carolina, a road under a lease to, and operated by, the defendant companies. The allegation in the complaint substantially was that by reason of negligence in running the cars on said road, and by reason of the failure of defendants to supply him with proper appliances for the performance of his duties as car coupler, he sustained the injury complained of.

· The plaintiff offered testimony tending to show that two kinds of couplers were used on the road, one a straight link, proper to be used when the cars to be coupled were of the same height, and another, a crooked link, called a goose-neck, to be used in coupling cars of different heights, as safer than the straight link ; that upon the occasion when the injury was sustained the plaintiff had applied for and failed to obtain goose-neck couplers for the train upon which he was employed, and that when directed by the conductor to couple some cars at Sumter, finding that they were of unequal heights, he said to the conductor, "I don't think I can make this coupling. I'll go back and see if I can find a goose-neck anyhow, because it's a high and low car, and I

don't think I can make the coupling." The conductor replied : "Be in a hurry." Failing to find a goose-neck coupler, he reported the fact to the conductor, and said : "I don't know what to do." To which the conductor replied : "Sam, you had better go in and make that coupling anyhow." Plaintiff said : "I don't like to do it," but he said : "I'll make them come back slow." Whereupon plaintiff replied : "All right, Cap ; sign them back slow." The plaintiff then went in to make the coupling, and had his hand so crushed as to necessitate amputation just above the wrist.

At the close of the plaintiff's testimony, defendants' counsel moved for a non-suit upon two grounds : I. Because the evidence had disclosed the fact that the injury resulted from the negligence of the conductor, who was a fellow-servant of the plaintiff. II. Because the evidence disclosed the fact that the injury resulted from plaintiff's own negligence, and from the hazards incident to his employment.

The motion was refused and the defendants introduced testimony tending to show that the plaintiff's account of the matter was not correct ; that the conductor did not insist upon plaintiff's making the coupling against his will ; that the plaintiff had not used the proper efforts to obtain the required kind of coupler ; and that if he had, he could have obtained it, and that there was really no more danger in making the coupling with a straight link than with a goose-neck, although there was always some danger in making a coupling with either kind of coupler. The defendants also introduced testimony tending to show that plaintiff, very soon after the injury was received, attributed the disaster to the fact that the engineer of the train moved it back too quickly and caught his hand.

The jury having rendered a verdict in favor of the plaintiff, defendants appeal upon the following grounds :

1. Because the judge refused to charge : "That if the jury believe that the injury to the plaintiff was caused by the negligence of the engineer, or co-employee of the plaintiff, the defendants are not liable."

2. Because he refused to charge : "If the jury believe that it was the duty of the conductor to see that his train was furnished

with all necessary and suitable appliances and instruments, and that all such appliances and instruments were kept constantly on hand by the defendants, at a convenient place, subject to the order of the conductor, and that on the occasion of the plaintiff's injury the conductor failed or neglected to procure, call for, or order the said appliances or instruments, and that such injury resulted from the use of an unsafe or unsuitable appliance, then the plaintiff cannot recover."

3. For refusing to charge : "That the plaintiff and conductor were fellow-servants."

4. For error in charging the jury : "The employee does not take the risk of accident happening from the incompetency, ignorance, or culpable misconduct of his co-laborer. When railroads were in their infancy very large franchises were granted in their charters by the legislature, and very liberal constructions were ruled by the courts. Hence, in Murray's case a stringent rule was laid down by the court, which was generally adopted in this country and England. That rule did not give the employee protection against the corporation if the injury resulted from the carelessness, incompetency, or culpable neglect of his co-laborer. But in the course of time, as these corporations increased in number, wealth, and power, developing the immense resources of the country, and engaged in their service an army of employees—engineers, firemen, conductors, &c.—it became not only apparent, but eminently just, that this multitude of workers and bread-winners should be protected against the recklessness and incompetency of those engaged in the same service. Hence that rule has been modified, and I now charge you that the railroad corporation is not only bound to provide the necessary machinery and materials to run their trains, due regard being had to the safety of their employees, but it is also responsible to the employee if he is injured by the want of these, or by the incompetency and criminal negligence of the officers of the road, whose orders he is bound to obey."

5. For error in charging : "That the employee does not take the risk of accident happening from the incompetency, ignorance, or culpable misconduct of his co-laborer."

6. For error in charging : "That the rule laid down in *Mur-*

*ray* v. *So. Ca. R. R. Co.* (1 *McMull.*, 385) has been modified in this State."

7. For error in refusing the motion for non-suit on the grounds stated above.

Let us proceed to the examination of these several grounds of appeal, though not exactly in the order in which they appear in the record. First, as to the motion for a non-suit. This motion, though nominally based upon only two grounds, really presents four questions: 1st. Whether the injury complained of resulted from the negligence of the conductor? 2d. Whether the plaintiff and the conductor were fellow-servants? 3d. Whether the injury was the result of plaintiff's own negligence? 4th. Whether it was the result of one of the hazards incident to plaintiff's employment? .The first was manifestly a question of fact which the judge could not undertake to decide on a motion for a non-suit. Whether the injury sustained by the plaintiff was to be attributed to the fault or negligence of the conductor in ordering the plaintiff to couple the cars with a straight link, in the absence of a safer kind of coupler, or whether the want of the safer kind of coupler was due to the negligence of the conductor, or to the negligence of Milligan, who was in charge of the "supply house" in Charleston, where such articles were kept for the use of the trains, were questions of fact upon which it was not competent for the Circuit Judge to pass. Until, therefore, these questions of fact were solved, the second question presented by the motion for a non-suit could not arise, and need not now be considered.

The third question, that of contributory negligence on the part of the plaintiff, has been so frequently held in this State to be a matter of defence, which cannot be considered on a motion for non-suit, that, whatever may be the rule elsewhere, it is scarcely necessary to consider the question. The only question which can be considered by the court upon a motion for a non-suit is, whether there is an entire failure of testimony to sustain all or any one of the points necessary to be established in order to enable the plaintiff to maintain his action. Unless there is such a failure the motion must be refused, for where there is any testimony pertinent to, or tending to sustain the plaintiff's case, such testimony must be submitted to the jury to pass upon its truth

and determine its sufficiency. So that even where the testimony adduced by the plaintiff may tend to show contributory negligence on his part, as well as negligence on the part of the defendant, the judge has no power to grant a non-suit, for that would involve the necessity of his passing upon the truth of the testimony tending to show contributory negligence, as well as upon its sufficiency for that purpose, both of which are under our constitution exclusively within the province of the jury, and to that tribunal, therefore, such questions must necessarily be submitted.

The fourth question presented by the motion for a non-suit clearly involved a question of fact which the Circuit Judge could not decide upon a motion for non-suit. It is undoubtedly true that an employee assumes all the risks usually and ordinarily incident to his employment, but the material inquiry in this case was whether such risks had not been enhanced by the failure of the defendants to supply the plaintiff with suitable appliances for doing the work which he was employed and required to do. We think it clear, therefore, that there was no error in refusing the motion for a non-suit.

We propose next to consider the second and third grounds of appeal, both of which are based upon the proposition that the plaintiff and the conductor were fellow-servants, and therefore that the defendants cannot be held responsible for any injury sustained by the plaintiff by reason of the negligence of the conductor. To this proposition we cannot give our assent. The rule as settled in this State by the case of *Gunter* v. *Graniteville . Manufacturing Co.*, 18 *S. C.*, 262, recognized in several subsequent cases, seems to be this : Where the master delegates to any officer or agent the performance of duties which the master owes to his employees, such officer or agent, by whatever name he may be called, becomes the representative of the master. His acts are the acts of the master, and his negligence is the negligence of the master. See *Couch* v. *Railroad Company*, 22 *S. C.*, 557; *Calvo* v. *Railroad Company*, 23 *Id.*, 526.

Testing this question by this rule, it seems to us clear that unless the conductor of a railroad train is, while in charge of the train, the representative of the company, then the train is being run without any representative. He has entire charge of

the train and every employee on it is subject to his orders. This view is sustained by the Supreme Court of the United States, in the case of the *Chicago, Milwaukee & St. Paul Railway Company* v. *Ross* (112 *U. S.*, 377), where, after reviewing the cases on the subject, Mr. Justice Field uses this language: "We agree with them in holding (and the present case requires no further decision) that the conductor of a railway train, who commands its movements, directs when it shall start, at what stations it shall stop, at what speed it shall run, and has the general management of it, and control over the persons employed upon it, represents the company, and therefore that, for injuries resulting from his negligent acts, the company is responsible. If such a conductor does not represent the company, then the train is operated without any representative of its owner."

The first, fourth, fifth, and sixth grounds of appeal will be considered together. We think the Circuit Judge was in error in supposing that the rule as laid down in *Murray* v. *S. C. R. R. Co.* (1 *McMull.*, 385), has been modified in this State. That case simply established the general proposition that a master is not liable to his servant for an injury caused by the negligence of his fellow-servant, and we do not understand that this general proposition has been in the slightest degree modified by our court. All the subsequent cases, while recognizing the correctness of the general proposition, have turned upon the question whether, in the particular case under consideration, the injury sustained by the plaintiff was occasioned by the negligence of one who stood in the relation of a fellow-servant to the plaintiff, or whether the injury complained of resulted from the negligence of some subordinate·officer or agent of the master, who was not a fellow-servant of the plaintiff, but, on the contrary, a representative of the master. In Murray's case, however, no such question was raised or considered. There the action was by a fireman against the railroad company for an injury sustained by reason of the negligence of the engineer, and it was assumed throughout the case that they were fellow-servants, and the only question considered or determined in that case was, whether a master was liable to a servant for an injury caused by

the negligence of a fellow-servant, and it was determined that *in such a case* the master was not liable.

This, we understand, is yet the law of South Carolina, and that whenever it is ascertained that the servant of a railroad company, or any other employee, has been injured by the negligence of one of his fellow-servants, no recovery can be had against the employer for such injury by such servant, unless it is made to appear by the plaintiff that the employer has himself been guilty of negligence in selecting his servants, or in retaining them in his employment after he knows, or has an opportunity of knowing, that the person whose negligence has caused the injury is not a suitable person to be employed in the service in which he was engaged at the time the injury was sustained. It follows from this that as one is presumed to have assumed all the risks naturally and reasonably incident to the employment which he voluntarily undertakes, one of which risks is, where numbers are employed, the negligence of his fellow-servants, that the Circuit Judge erred in charging the jury that, "The employee does not take the risk of accident happening from the incompetency, ignorance, or culpable misconduct of his co-laborer."

So, too, upon the same ground we think the judge erred in refusing to charge, "That if the jury believed that the injury to the plaintiff was caused by the negligence of the engineer, or co-employee of the plaintiff, the defendants are not liable." If the plaintiff and the engineer were fellow-servants, as we think they were, then, upon the principles above stated, the charge should have been given as requested. The plaintiff and engineer were both co-operating, and necessarily co-operating, to bring about the same end—the coupling of the cars. They were both acting under the common directions of the conductor. The engineer was required to move back the train by the agency of his engine, and the plaintiff was required to take position between the cars as the train was moved back, so as to secure them together by the coupling apparatus, and it seems to us that these two employees, acting under common orders to secure the same result, the action of both being necessary to that end, must be regarded as fellow-servants. According to the testimony, the business of coupling cars is, at best, attended with more or less danger, one material

element manifestly being the manner in which the train is moved back, and when the plaintiff undertook this employment he must be regarded as having assumed the risk arising in every case from a want of proper care on the part of the engineer in moving back the train; and if his injury was the result of the want of such care on the part of the engineer, he should not be entitled to recover from the defendants.

It is true that the case has been argued principally under the view that the injury sustained by the plaintiff was the result of the failure to supply him with proper appliances to make the coupling, but still the point which we have just been considering is made in the grounds of appeal, and we have therefore felt bound to consider it, especially as one of the allegations in the complaint is that the injury was caused by "carelessness and negligence in running and managing said train of cars," and there is some testimony to the effect that plaintiff, very soon after the accident occurred attributed it to the fact that the engineer had moved the train back "too quickly and caught his hand."

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN It may be that the underlying principle announced in the case of *Murray* v. *Railroad Company* is, that the company is not liable for damages resulting from the negligence of one who is strictly a fellow-servant. But it seems to me, that some of the doctrines of that early case have been properly explained, limited, and modified by the course of modern decisions. I concur in the result.