## DOOLITTLE v. SOUTHERN RY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PRESUMPTION—PASSENGER—JURY.—Nonsuit should not be granted where there is evidence tending to show negligence on part of defendant, even though such negligence is not shown to be the proximate cause of the injuries, which is always for the jury, because the fact of a passenger being injured on a train raises the presumption of negligence on part of railroad, and this presumption arises even where the facts and circumstances attending the injury are shown by plaintiff.

2. RAILROADS—PASSENGER.—Where a passenger notifies the agents of a railroad in charge of the train that he is ignorant of the rules of railroad travel and asks for instructions, it then becomes the duty of the company to render him special assistance.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—Principles deducible from the authorities on the questions of actionable negligence and contributory negligence stated, and charge held to be in accordance therewith.

4. RAILROADS—PASSENGER—NEGLIGENCE.—The standing of a passenger on the platform of a moving coach is not, *per se,* negligence.

5. IBID.—IBID.—IBID.—JURY.—Whether a passenger is guilty of negligence in alighting from a passenger train running at full speed, depends upon the facts of the particular case and is a question for the jury.

6. REHEARING refused.

Before TOWNSEND, J., Edgefield, November, 1900.    Affirmed.

Action by Rebecca Doolittle, as administratrix of estate of Benj. S. Doolittle, against Southern Railway, for damages for negligently causing the death of her intestate. After judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney, E. M. Thomson* and *Sheppard Bros.,* for appellant. *Mr. E. M. Thomson* cites: *Mere proof of injury to or death of a passenger, does not raise a prima facie presumption of neglect:* 5 Ency., 2 ed., 623, 624, 628; 4 Elliott on R. R., p. 2598; 2 Fetter on Carriers, sec. 480, 489, 492; 58 S. C., 494; 55 S. C., 389; 9 Rich., 89; 2 Wood on R. R. (Minor's ed.), pp. 1563-1564; note 1, A. & E. R. Cas., 59; Black's Law & Pr. Acc. Cas., pp. 204, 231; 41 L. R. A., 478; 51 Mich., 236; 11 Heisk., 400; 90 Pa. St., 141; Ray on Neg., sec. 188e; 118 Pa. St., 508; 60 Miss., 442; 41 Mo. App., 432. *Announcement of name of station is not immediate invitation to alight, and it is not negligence to make it before train stops:* 5 Ency., 2 ed., 662; 88 Ala., 538; 92 Ala., 237; 97 Ala., 332; 44 Ark., 322; 15 Lea., 254; 33 N. Y. Sup. Ct., 57; 76 Ga., 333; 23 Pa., 147; 153 Mass., 490; 97 Ark., 322. *It was negligence on part of deceased to go on platform while train was in motion, and this should not have gone to the jury:* 58 S. C., 494; 92 Va., 327; 7 Am. Neg. Cas., 540; 10 Fed. R., 15. *Agreement of conductor to inform deceased when to get off, imposes no obligation on defendant in case of his failure to do so:* Rev. Stat., 1687; 1 Fetter on Carriers, p. 761; 61 Miss., 8; 71 Ga., 710; 42 Miss., 607; 73 Ia., 579; 27 S. C., 268. *Evidence shows contributory negligence on part of deceased, and nonsuit should have been granted:* 153 Mass., 490; 61 Mo., 53; 56 N. Y., 302; 38 Kan., 608; 71 Pa. St., 432; 172 Mass., 109; 27 S. C., 268; 20 S. C., 219; 5 Ency., 2 ed., 678; 85 Ga., 653; 76 Ga., 333; 153 Mass., 490; 67 Ill., 398; 10 Fed. R., 15; 57 N. E. R., 292; 26 Ill., 373; 57 S. C., 101; 52 S. C., 443; 53 S. C., 363. *Error to charge that negligence is prima facie presumed from injury to passenger:* 4 Elliott on R. R., p. 2598; 5 Ency., 2 ed., 624; 2 Fetter on Car., sec. 480; 58

S. C., 494. *As to the definition and effect of contributory negligence:* 59 S. C., 312; 7 Ency., 2 ed., 383, 411; 38 S. E. R., 430; 58 S. C., 222, 495; 56 S. C., 95; 55 S. C., 192; 51 S. C., 237. *It is negligence in passenger to voluntarily stand on platform of moving coach:* 5 Ency., 2 ed., 278; 76 Ga., 333; 14 Allen, 429; 64 Vt., 107.

*Messrs. Thurmond & Calhoun* and *Croft & Tillman,* contra. *Mr. Thurmond* cites: *Nonsuit could not have been granted here because there is testimony tending to support the allegations:* 52 S. C., 36; 50 S. C., 25; 20 S. E. R., 750; 56 S. C., 93; 58 S. C., 1. *Injury of passenger presumes negligence:* 55 S. C., 391; 9 Rich., 89; 140 U. S., 435; 13 Pet., 181; 22 Wall., 341; 2 Ency., 2 ed., 765. *Under facts here, it was not negligence for deceased to go on the platform:* 5 Ency., 2 ed., 681; 9 Rich., 89.

*Messrs. Croft & Tillman* cite: *Contributory negligence is a defense, and cannot be determined on nonsuit:* 25 S. C., 33, 132; 39 S. C., 516; 41 S. C., 419; 56 S. C., 93. *Proof of injury on a railroad is prima facie evidence of negligence:* 9 Rich. L., 89; 5 Ency., 2 ed., 622; 13 Pet., 181; 22 Wall., 341; 31 L. R. A., 316; 25 S. C., 258. *Propositions charged in general instructions may be denied in request:* 48 S. C., 232; 33 S. C., 595; 49 S. C., 303; 60 S. C., 153. *Negligence of plaintiff does not defeat his action, if negligence of defendant is proximate cause of injury:* 51 S. C., 156, 238; 5 Ency., 2 ed., 546; Barrows on Neg., 35; 29 S. C., 322. *It is not negligence, per se, for passenger to stand on platform of moving coach, but it is question for jury:* 56 S. C., 91; Hatch. on Car., sec. 653; 15 S. W. R., 572; 56 N. Y., 367; 98 N. Y., 650; 5 Ency., 2 ed., 681, note 2, 566, 662; 9 Rich., 89; 8 R. A., 56, 464; Wood on R. R., 1328, 1332, note 1; Hut. on Car., sec. 252.

The opinion in this case was filed August 5, 1901, but remittitur held up on petition for rehearing until

November 29, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. Rebecca Doolittle, as administratrix of her deceased husband, Benjamin S. Doolittle, brought this action on the 4th day of June, 1900, against the defendant, to recover damages for the alleged negligent killing of the said Benjamin S. Doolittle. The allegations of the complaint material to the consideration of the questions raised by the exceptions are as follows:

"8. That on the afternoon of the 13th day of December, 1899, Benjamin S. Doolittle purchased of an agent of the defendant, Southern Railway Company, in the city of Augusta, State of Georgia, a ticket from said city to the station of Bath, in Aiken County, State of South Carolina, a station on the line of the road of the South Carolina and Georgia Railroad Company, now and at the times hereinafter named operated by the defendant, Southern Railway Company, for which he paid the required fare or price in money, and became a passenger on said ticket on a train of cars of said defendant company on the date named, to Bath, the aforesaid station.

"9. Plaintiff is informed and believes and alleges that as the train of cars upon which the said Benjamin S. Doolittle was being carried as a passenger, approached the said station of Bath, a regular station for taking on and putting off passengers, but before reaching said station and when the said train was in full motion, a servant of the defendant, Southern Railway Company, acting within the scope of his agency and duties for the said defendant company, came into the coach in which the said Benjamin S. Doolittle was then and there being carried as a passenger, and negligently and carelessly called out, 'All out for Bath,' and negligently and carelessly invited the said Benjamin S. Doolittle then and there to alight from said coach; and the said Benjamin S. Doolittle, not believing that the said servant of the defendant company would invite him into a place of danger, and relying upon the skill and prudence of said servants of

defendant, and the occasion being dark, and not knowing the train was moving rapidly, and not knowing he was going into a place of danger, and believing that the said train had reached the said station of Bath, left the coach in which he was riding as a passenger and went upon the platform of said coach, in response to and in obedience to said calling out and invitation of the said servant of defendant, preparatory to alighting from said coach; and that immediately after reaching said platform, brakes were suddenly, carelessly and violently applied by the servants of the said defendant company in order to stop said train of cars at Bath station, and the speed of the said train was thereby suddenly, negligently, carelessly and violently checked; and the said Benjamin S. Doolittle, by reason of the said negligent and careless calling out by the servants of defendant, 'All out for Bath,' while the train was in full motion, and by reason of having been carelessly and negligently invited to alight from said train as aforesaid while the same was in full motion; and by reason of the brakes having been negligently, carelessly and violently applied as aforesaid, and by reason of having been told by an agent of defendant to alight from said train, when an agent called out 'All out for Bath,' the said Benjamin S. Doolittle was hurled and precipitated from the platform of the said coach of defendant's train aforesaid to and against the ground, and was thereby then and there carelessly and negligently mangled and killed, in the county of Aiken and State aforesaid, about fifty yards from and before the said train reached the said station of Bath.

"10. Plaintiff is informed and believes and alleges that said Benjamin S. Doolittle, after getting on board of the said train of cars, and after being received as a passenger thereon, notified the agent of the defendant company acting within the scope of his agency, that he, the said Benjamin S. Doolittle, had never before ridden on a train, and asked the said agent to let him know when the said train arrived at the said station of Bath, to which station he had a ticket; and he was told by the said agent of the defendant company

that when an agent of said defendant called out 'All out for
Bath,' the train would be at that station, and he must alight
therefrom." The complaint further alleges that the death
of the said Benjamin S. Doolittle was the result of said neg-
ligent and careless acts of the defendant's servants, herein-
before set out.

The defendant pleaded two defenses: First, a general de-
nial; and second, that the alleged death of plaintiff's intes-
tate was not caused by any negligence or carelessness on its
part, but occurred from and was caused by the want of care,
neglect and default of the said Benjamin S. Doolittle, plain-
tiff's intestate, in going out upon the platform of said train
at the time and place he did while the same was in motion,
and in attempting to alight from its train at the time and
place and in the manner he did. The jury rendered a ver-
dict in favor of the plaintiff.

The defendant appealed upon exceptions, the first of
which is as follows: "1. Excepts because the presiding
Judge erred in not granting defendant's motion for nonsuit
upon the grounds: (1) That no evidence had been offered
by plaintiff showing or tending to show any negligence on
the part of the defendant which was the proximate cause of
the death of the deceased. (2) That there was an entire
failure of proof as to material allegations of negli-
gence in the complaint. (3) That assuming negli-
gence in the defendant, for the purpose of the motion,
there was but one inference that could be drawn from the
testimony; that the contributory negligence of the deceased
was the proximate cause of his death, without which the
injury would not have occurred."

The motion for nonsuit was based on three grounds,
which will be considered in regular order. (1) It will be
observed that the first ground of the motion was not founded
upon the fact that there was a failure of testimony, to show
negligence on the part of the defendant, but negligence
*which was the proximate cause of the death of the deceased.*
Whenever there is any evidence whatever of negligence on

the part of a railroad company that would render it liable in damages for an injury, a nonsuit will not be granted, even though the testimony should show that there was negligence likewise on the part of the plaintiff.    It is for the jury, under such circumstances, to determine the proximate cause of the injury.    In the case of *Boatwright* v. *R. R. Co.*, 25 S. C., 128, Mr. Chief Justice McIver, in delivering the opinion of the Court, says : "The third question, that of contributory negligence on the part of the plaintiff, has been so frequently held in this State to be a matter of defense, which cannot be considered on a motion for nonsuit, that, whatever may be the rule elsewhere, it is scarcely necessary to consider the question.    The only question which can be considered by the Court, upon a motion for a nonsuit, is whether there is an entire failure of testimony to sustain all or any one of the points necessary to be established in order to enable the plaintiff to maintain his action.    Unless there is such a fail-·ure, the motion must be refused ; for where there is any testimony pertinent to or tending to sustain the plaintiff's case, such testimony must be submitted to the jury, to pass upon its truth and determine its sufficiency.    So that, even where the testimony adduced by the plaintiff may tend to show contributory negligence on his part, as well as negligence on the part of the defendant, the Judge has no power to grant a nonsuit, for that would involve the necessity of passing upon the truth of the testimony, tending to show contributory negligence, as well as upon its sufficiency, for that purpose, both of which are, under our Constitution, exclusively within the province of the jury, and to that tribunal, therefore, such questions must necessarily be submitted."    It cannot be successfully contended that the only inference to be drawn from the testimony is that the negligence of Doolittle was the proximate cause of his injury, because the law raises a presumption that injury to a person while a passenger on a railroad train was caused by the negligence of the railroad company.    As this proposition is strenuously contested by the appellant's attorney and as several of the excep-

tions are dependent upon it, we will quote somewhat at
length from the case of *Steele* v. *R. R. Co.,* 55 S. C., 389, in
which Mr. Justice Jones, delivering the opinion of the Court,
uses this language: "The Circuit Court refused to charge
appellant's request as follows: 'The burden is upon the
plaintiff to show that the railroad in this case was negligent.
Negligence must rest upon the actual facts as shown by the
evidence, and must not depend upon conjecture or surmise;
and in the case of a railroad accident, where the evidence
discloses the facts and circumstances thereof, there is no pre-
sumption of negligence.' The Court charged as follows:
'Where a passenger is injured on a railroad, there is, from
that fact alone, *prima facie* evidence of neglect in the man-
agement of the road, which evidence the railroad company is
bound to rebut.' This refusal to charge and charge is the
basis of the first and second exceptions. In reference to this
subject, the Circuit Court explicitly charged the jury that the
presumption was rebuttable, and that the jury must deter-
mine the question of negligence from the facts and circum-
stances of the case. It will be noted that the charge com-
plained of is in the exact language quoted from the case of
*Hegeman* v. *Western R. R. Co.,* 16 Barbour, 353, quoted by
Judge O'Neall with entire approval, in *Zemp* v. *R. Co.,* 9
Rich., 89, wherein it was held that proof that a passenger
had been injured on a railroad is *prima facie* evidence of
neglect. This learned Judge, referring to Danner's case, 4
Rich., 334, said: 'Surely, if a *prima facie* case of negligence
is made out by showing the fact that stock was killed or in-
jured on the railroad, much more ought the same result to
follow from a passenger being injured. For, as to him, the
company undertakes to carry safely as far as human care and
foresight will go. This liability can only be discharged by
showing that all reasonable skill and diligence have been
employed. *McClenaghan* v. *Brock,* 5 Rich., 17.' While
this rule is regarded as too broad by some Courts of high
authority, we believe it is sustained by reason and the weight
of authority. See cases collated on note, 5 Ency. Law, 623.

The reasons for the rule are: (1.) The contractural relation between the carrier and passenger, by which it is incumbent on the carrier to transport with safety; hence the burden of explaining failure of performance should be on the carrier. (2.) The cause of the accident, if not exclusively within the knowledge of the carrier, is usually better known to the carrier, and this superior knowledge makes it just that the carrier should explain. (3.) Injury to a passenger by a carrier is something that does not usually happen when the carrier is exercising due care, hence the fact of injury affords a presumption that such care is wanting." As there was evidence of negligence on the part of defendant, arising from the presumption hereinbefore mentioned, and as it is the province of the jury to determine the question of proximate cause, the first ground cannot be sustained.

(2.) We proceed to the consideration of the second ground of the motion for nonsuit. The acts of negligence alleged in the complaint may be summarized as follows: 1st. That the defendant, after being notified by Doolittle of his utter ignorance of railroad traveling and instructing him to alight when the station was announced, negligently invited him to alight before the train arrived at the station, by which he was misled and injured. 2d. That immediately after he reached the platform of the car, brakes were suddenly, violently and negligently applied in order to stop the train at Bath, whereby the speed of the train was checked and he was hurled from the platform, mangled and killed. The ignorance of Doolittle made it necessary that he should have special assistance, and he took the precaution to notify the defendant of this fact. This made it the duty of the defendant to render such assistance. *Madden* v. *Ry. Co.,* 41 S. C., 440. As has just been stated, there was evidence of negligence arising from the fact that Doolittle was injured while a passenger on defendant's train of cars. But apart from this presumption, there was testimony tending to sustain the allegations of negligence.

(3.) We will next consider the third ground of the mo-

tion for nonsuit. This ground is disposed of by what was said in considering the other grounds.

The second, thirteenth and fourteenth exceptions were argued together and will be considered in the same manner. They are as follows: "2. Excepts because the presiding Judge erred in charging plaintiff's fifth request, which was as follows: 'Where a passenger is injured on a railroad by the railroad company, there is from that fact alone *prima facie* evidence of neglect in the management of the road, which evidence defendants are bound to rebut or they would be liable in damages for the injury.' Said request did not properly state the rule; it should have been limited to injuries caused by some agency or instrumentality of the railroad company. It was, therefore, as an abstract proposition erroneous. And further, it is submitted, that plaintiff having shown the facts and circumstances surrounding the injury, there was no presumption of negligence arising therefrom.

"13. Excepts because the presiding Judge erred in not charging defendant's 15th request, which was as follows: 'There is under the law no presumption of negligence on the part of the railroad company upon the mere proof of the death of a passenger.' Said request contains a correct proposition applicable to the case.

"14. Excepts because the presiding Judge erred in not charging defendant's 16th request, which was as follows: 'Where the injury is not proven to have been caused by some appliance, agency or instrumentality of the railroad company, there is no presumption of negligence on the part of the railroad company upon the mere proof of the fact of an injury to or death of a passenger.' Said request contains a correct proposition of law applicable to the case and should have been charged."

The questions raised by these exceptions are disposed of by what was said in considering the first exception, except that part of the second exception in which it is submitted, "that plaintiff having shown the facts and circumstances

surrounding the injury, there was no presumption of negligence arising therefrom," and this question is decided adversely to the view for which the appellant contends by the case of *Mack* v. *R. R. Co.,* 52 S. C., 323.

The third, eleventh and twelfth exceptions will be considered together, and are as follows: "3. Excepts because the presiding Judge erred in charging plaintiff's sixth request, which was as follows: 'Even if a passenger be guilty of negligence in placing himself in a dangerous position, it will not bar his right to recover damages, if the injury was caused directly and proximately by the negligence of the carrier.' And by charging the jury in connection therewith: 'If both are guilty, it will not bar his right to recover, if he is guilty, unless his negligence is the proximate cause of the injury, then he cannot recover.' It is submitted that said charges failed to state the law of contributory negligence, an important element of said charge.

"11. Excepts because the presiding Judge erred in charging the jury: 'If, on the other hand, a passenger is injured, and even though he be guilty of negligence, if his negligence is not the proximate cause of the injury, the company cannot escape liability; he cannot be deprived of the right to claim damages because of negligence, unless his negligence, if he should be negligent, operating with the negligence of the company, if there should be such, becomes the proximate cause of the injury.' It is submitted that contributory negligence exists when the injury has resulted from the negligence of the defendant as a concurring proximate cause, and that contributory negligence to any extent will always defeat a recovery. The above charge, repeatedly made to the jury, limits the defense to cases where the negligence of the passenger is the proximate cause of the injury.

"12. Excepts because the presiding Judge erred in charging the jury as follows, with reference to contributory negligence, to wit: 'I charge you if there is negligence on the part of both, the plaintiff, if his negligence combined with

that of the defendant was the proximate cause, he cannot recover, because it does not make out a case. As I understand the law, it is based upon the preponderance of the evidence. I am not talking about the evidence in this case, but the reason upon which the law is based.' Said charge is erroneous for the reason stated under exception 11, and is further erroneous in stating the reason of the rule, which is not based upon the preponderance of the evidence, but it is that the law cannot measure how much of the damage is attributable to the plaintiff's own fault."

Questions involving negligence and the proximate causes of injury are among the most important and difficult of solution that are presented to the Courts for adjudication. Without undertaking to review the authorities, we will state the principles deducible from them: 1st. That the defendant is liable when its negligence is the direct and proximate cause of the injury. 2d. That the defendant is not liable when the negligence of the plaintiff is the direct and proximate cause of the injury. 3. That the defendant is liable when its negligence, though combined with negligence on the part of the plaintiff, is still the proximate cause of the injury. 4th. That the defendant is not liable when the negligence of the plaintiff, though combined with the negligence of the defendant, is nevertheless the proximate cause of the injury. 5. That the defendant is not liable even though its negligence may be a proximate cause of the injury, if the negligence of the plaintiff likewise operates as a proximate cause. The rulings and charge of his Honor, the presiding Judge, are in harmony with these principles.

The fourth exception is as follows: "4. Excepts because the presiding Judge erred in charging plaintiff's eighth request, which was as follows: 'A plaintiff may maintain an action for injuries caused by the negligence of a carrier, even though he was guilty of negligence himself, if such negligence was caused by sudden peril and terror in the situation wherein he has been placed by defendant's negligence.' Said request was inapplicable, misleading and confusing to

the minds of the jury, as there was not a tittle of evidence upon which to base it, and it was error to so charge the jury." It is not contended that the request embodied an erroneous principle of law, but that it was inapplicable, misleading and confusing, as there was no evidence upon which it was based. When the charge is considered in its entirety, there is no reason why the jury should have been misled by the request.

The fifth and eighth exceptions will be considered together, and are as follows: "5. Excepts because the presiding Judge erred in charging plaintiff's ninth request, which was as follows: 'An injury resulting to a passenger while standing on the platform of a moving coach is not, *per se,* negligence in the passenger for taking such a position, but all the circumstances surrounding the case are to go to the jury, and they are to determine whether the railroad is liable in damages.' It is submitted that if such a passenger was voluntarily and unnecessarily standing on the platform of a moving coach, it was, *per se,* negligence in him.

"8. Excepts because the presiding Judge erred in not charging defendant's ninth request, which was as follows: 'If a passenger voluntarily goes out upon or stands on the platform of a railroad car while the train is in full motion, and he suffers injury due in part to the fact of his occupying such a position, he cannot recover against the railroad company for injury received therefrom.' Said request, it is submitted, contained a correct proposition of law applicable to the case and should have been charged." The case of *Martin* v. *R. Co.,* 51 S. C., 150, shows that these exceptions cannot be sustained.

The sixth exception is as follows: "6. Excepts because the presiding Judge erred in modifying defendant's fifth request, which was as follows: 'That degree of care which exonerates a person from contributing to the negligence that has caused him his injury does not depend upon his age or physical or mental condition, but must be measured

by some common standard, and that standard is a prudent, reasonable man in possession of ordinary senses and capacities.' Said request was modified as follows: 'I charge you that as a general proposition is correct, if made known to the company, or any passenger is aged, infirm physically or mentally and needs special attention, it is the duty of the company to give that person special attention.' The request stated a correct principle of law, applicable to the case, and should have been charged as submitted. As modified, its force was destroyed and different propositions confused." The case of *Madden* v. *Ry. Co.,* 41 S. C., 440, shows that this exception cannot be sustained, under the facts of this case.

The seventh exception is as follows: "Excepts because the presiding Judge erred in not charging defendant's seventh request, without qualification, said request containing a correct proposition of law applicable to the case. Said request was as follows: 'That it is negligence as matter of law for a passenger to attempt to alight from a passenger train moving at full speed or a rapid rate of speed.' " Whether there was negligence, depends upon the facts of the particular case. In this case, Doolittle, through his ignorance, which he made known to the defendant, thereby rendering special assistance necessary, thought he was alighting in pursuance of an invitation to that effect. It was for the jury to determine whether he was guilty of negligence.

The ninth and tenth exceptions are as follows: "9. Excepts because the presiding Judge erred in not charging defendant's tenth request, which was as follows: 'The announcement of the name of a station is not of itself an invitation for passengers to alight, but is only information that the train is approaching their destination, so that they may get off when the train stops. It is no invitation to alight when the cars are in motion.' Said request contained a correct proposition of law and should have been charged. It conveyed the idea that the announcement of the name of a

station was but the fulfilment of a legal duty resting upon the railroad company, and was not an invitation to the passengers to alight while the train was in motion.

"10. Excepts because the presiding Judge erred in not charging defendant's eleventh request, which was as follows: 'The announcement of a station by a conductor or train hand, with the further announcement of "All out" for that station, is not such an instruction, order or command to leave as will justify a passenger in getting off a train in motion.' Said request should have been charged for the reason stated under exception 9, *supra;* and for the further reason that passengers have no right to assume the train has reached the place designed for passengers to alight simply because of such announcements." These exceptions are disposed of by what was said in considering the other exceptions, especially the seventh.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MESSRS. CHIEF JUSTICE McIVER and JUSTICES POPE and JONES *concur in the result.*

The petition for a rehearing filed herein was refused November 29, 1901, in the following order:

PER CURIAM. After a careful consideration of this petition we are unable to find that any material fact or principle of law has either been overlooked or disregarded, and hence there is no ground for a rehearing. It is, therefore, ordered, that this petition be dismissed and that the stay of the remittitur heretofore granted be revoked.