## SANDERS v. AIKEN MANUFACTURING CO.

1. MASTER AND SERVANT—APPLIANCES.—CHARGE that it is duty of master to furnish safe and suitable appliances states a sound general proposition and judgment will not be reversed in absence of special request, especially where the doctrine was correctly charged subsequently.

2. IBID.—IBID.—RISKS—CHARGE.—Construed with its context, the charge that the duty of the master to furnish a safe place extends not only to unnecessary and unreasonable risks known to the master but such as he should know, held to mean such as may be imposed by the master on the servant and not such as the servant voluntarily assumes.

3. CONTRIBUTORY NEGLIGENCE.—It is error to instruct the jury that contributory negligence must be proved by evidence clear and con-

vincing, as it is only required that this defense, as others of its kind, shall be proved by the preponderance of the evidence. *Kaminitsky* v. *R. R.,* 25 S. C., 53, *explained.*

4. IBID.—It is error to instruct a jury that contributory negligence of a negative character, such as lack of vigilence, would not relieve a defendant of liability for its negligence.

Before ALDRICH, J., Aiken.    Reversed.

Action by John E. Sanders against Aiken Manufacturing Co.    From judgment for plaintiff, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *The rule does not require defendant to furnish a "safe and suitable" machine:* 22 S. E., 872; 32 S. E., 884; 37 S. E., 287; 100 U. S., 218; 20 Ency., 2 ed., 71, *et seq.;* 18 S. C., 270; 35 S. C., 405; 34 S. C., 211; 32 S. C., 300; 60 S. C., 21; 41 S. C., 391; 60 S. C., 168; 69 S. C., 101; 65 S. C., 192; 52 S. C., 438; 68 S. C., 55. *It is not required that plea of contributory negligence be proved by clear and convincing evidence:* 62 S. C., 322; 65 S. C., 37. *Contributory negligence of a negative character is governed by same rule as other kinds:* 56 S. C., 95; 61 S. C., 363, 556; 59 S. C., 324; 41 S. C., 1; 47 S. C., 415; 51 S. C., 225; 58 S. C., 227; 57 S. C., 210; 63 S. C., 271; 20 Ency., 2 ed., 134, 144. *Servant cannot recover for injury from risks assumed by him:* 66 S. C., 208; 61 S. C., 478; 52 S. C., 443.

*Messrs. J. S. and N. M. Reynolds and Croft & Salley,* contra, cite: *The terms "safe and suitable" machinery need no qualifying words:* 18 S. C., 273; 35 S. C., 406; 52 S. C., 444; 69 S. C., 108. *Safe place master is required to furnish extends to unnecessary and unreasonable risks known to and which should have been known to master:* 141 Mo., 1; 20 Ency., 2 ed., 55, 120, 95; 48 S. C., 180; 32 S. C., 302; 18 S. C., 268; 25 S. C., 133. *Master must disclose to servant latent defects known and which he should know:* Hale on Torts, 511; 66 Vt., 331; 17 A. S. R., 440; 38 A. S. R., 294;

20 Ency., 2 ed., 95; 55 S. C., 488; 66 S. C., 486; 170 U. S.,
671; Bailey's M. & S., 111; Wood's M. & S., sec. 339;
Labatt's M. & S., sec. 125; 7 Ency., 2 ed., 417, 422. *The
charge that contributory negligence must be proved by clear,
&c., evidence, did not refer to burden of proof, but only
referred to the proof to the satisfaction of the jury:* 30 S. C.,
166; 25 S. C., 53; 19 S. C., 128. *Judge did not say, "mere
lack of vigilance" cannot constitute contributory negligence,
but correctly stated the law governing such negligence:* Hale
on Torts, 495; 25 L. R. A., 298; 25 S. C., 60.

March 8, 1905. The opinion of the Court was delivered
by

MR. JUSTICE WOODS. While the plaintiff, an employee
of defendant, was engaged in oiling machinery in defend-
ant's mill, the sleeve of his coat was caught on a revolving
set-screw, and he was thrown around the shaft to which the
screw was attached. This action was brought to recover
damages for the resulting injuries. The negligence charged
against the defendant was failure to provide a safe place to
work, in that the light was insufficient, and safe appliances,
in that the set-screw projected when it should have been
counter-sunk, or at least flush with the collars used to support
the shafting. The defenses were, (1) a general denial; (2)
denial of all negligence on the part of defendant and allega-
tion that the accident was due entirely to plaintiff's negli-
gence; (3) contributory negligence; (4) assumption of risk.
The plaintiff recovered judgment and defendant appeals,
alleging errors in the charge of the Circuit Judge.

The defendant first complains that the Circuit Judge in-
structed the jury, in effect, that the master was bound to
furnish absolutely safe and suitable machinery and appli-
ances, when he charged the following request of the
plaintiff: "It is the duty of the master to furnish his
servant with safe and suitable machinery or other
appliances to enable him to perform the work he is employed
to do, and to keep the same in proper repair, and if the

master neglects to perform this duty and the servant is injured by such negligence, the master is liable to the servant for whatever injury he may sustain thereby." This request contained a sound general proposition, and a new trial would not be granted for failure to state a qualification of the rule in the absence of a request to that effect. *Anderson* v. *Ry. Co.,* 70 S. C., 490. In this case, however, the Circuit Judge did subsequently charge the qualification, in commenting on defendant's second request, in this language: "Gentlemen, I am not allowed to charge you upon the facts, and the law is that the master must furnish the servant with reasonably safe and suitable appliances, and must keep them in a reasonably safe and proper manner. He is not obliged to furnish the latest and best, the most improved machinery, but if he furnishes reasonably safe and suitable appliances, it will be for the jury to say whether or not he has furnished the reasonably safe and suitable appliances." The first, second and third exceptions are overruled.

The fourth exception alleges error in charging the following request of plaintiff: "The duty of the master to provide a safe place for his servant to work extends not only to unnecessary and unreasonable risks as are in fact known to the master, but also such as he might reasonably be expected to know under the facts and circumstances connected with the service." While the reference in this request to "unnecessary and unreasonable risks" is not as clear as instructions to a jury should be, yet when the context is considered, we think it appears with reasonable certainty that the allusion was to such "unnecessary and unreasonable risks" as might be imposed by the master on the servant—not those voluntarily assumed by the servant. In this view the request did not contain an erroneous proposition of law.

The Circuit Judge, at plaintiff's request, gave the following instruction: "Contributory negligence on the part of the

plaintiff, in order to absolve the defendant from all liability, must be clear and convincing. If it was of a negative character, such as lack of vigilance, and was itself caused, or would not have existed, or no injury would have resulted from it, but for the primary wrong of the defendant in not supplying the plaintiff with safe and suitable machinery or proper lights, then the master is liable." The language of Associate Justice McGowan, in delivering the opinion of the Court in *Kaminitsky* v. *R. R. Co.*, 25 S. C., 53, is relied on to support the instruction that the proof as to contributory negligence must be clear and convincing. This proposition was laid down in that case in discussing and deciding whether the proof of contributory negligence warranted a nonsuit. That such proof should be clear and convincing and, indeed, leave no room for any other inference to justify the Court in taking the case from the jury, there can be no doubt. *Doolittle* v. *Ry. Co.*, 62 S. C., 130, 40 S. E., 133. But there is no reason for a jury to require or seek proof more clear and convincing as to this defense than any other in which the burden is on the defendant. The rule is, that he must establish contributory negligence by the preponderance of the evidence. It is highly desirable that evidence on all issues should be clear and convincing, but it tends to the prejudice of a party for the court to single out an issue as to which the burden of proof is on him, and instruct the jury that he must prove his contention by evidence clear and convincing. Whether this error was grave enough to warrant a new trial, it is not necessary to say, because the second proposition of the request charged was erroneous and vital. The sentence is taken almost literally from *Kaminitsky* v. *R. R.*, *supra*, where it was adopted from *Wabash & St. L. R. R. Co.* v. *Central Trust Co. of N. Y.*, 23 Fed., 738. As already remarked, the question under consideration in the Kaminitsky case was what degree of proof of contributory negligence would be a sufficient basis for an order of nonsuit by the court, not what kind of negligence should be considered

by the jury in reaching a verdict. By quoting the following from the case of *Carter* v. *R. R. Co.,* 18 S. C., 20, the Court, in the Kaminitsky case, clearly indicated its opinion in the words we have italicized, that the jury were not to be limited to any particular class of evidence in deciding the issue of contributory negligence. "Where the plaintiff has contributed to the accident to the extent of furnishing a proximate cause thereof, the defendant is exempt from liability, as matter of law, and the Judge should so charge; but *whether a particular fact, if proved, shall amount to such contribution, is a matter for the jury and not for the Court.*" The language of the Court upon which plaintiff relies to support this instruction is, therefore, an *obiter dictum.*

A failure to act may be most obvious contributory negligence. A person rightfully standing at the intersection of a railroad and a public street, upon seeing a train approach, even at an unlawful speed, cannot refuse to move, and recover for his injuries, on the ground that his negligence was merely negative—a lack of vigilance. An attempt to make a line of separation between positive and negative negligence—between active negligence and lack of vigilance—would involve the courts in distinctions not only difficult and intricate, but highly artificial and unsound. In *Easler* v. *Ry. Co.,* 59 S. C., 311, 37 S. E., 938, the Court puts acts of commission and of omission on the same plane, in adopting the following definition of contributory negligence: "Properly speaking, contributory negligence, as the very words import, arises when the plaintiff as well as the defendant has done some act negligently, or has omitted through negligence to do some act which it was their respective duty to do, and the combined negligence of the two parties has directly produced the injury."

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.

MR. JUSTICE GARY *did not sit in this case on account of illness.*