7076

## DOUGLASS v. SOUTHERN RY.

1. EVIDENCE—OPINION.—After stating his reasons therefor, a witness who knows a railroad crossing may testify as to its safety.

2. IBID.—RES GESTAE.—Statement of sectionmaster to party injured by collision with his lever car at the place of injury in response to request by injured as he recovered consciousness, to the effect that he was negligent in the use of the car, is part of the *res gestae.*

| Argument of Counsel. | [82 S. C. |
|---|---|

3. NEGLIGENCE.—There was some evidence here of negligence in the use of the lever car.

4. CONTRIBUTORY NEGLIGENCE.—Charge here complained of did not place on defendant a greater burden in establishing its plea of contributory negligence than the law requires.

5. IBID.—CROSSING—ISSUES.—Under proof here the trial Judge properly sent to the jury the issue whether a man of ordinary prudence would have gone on the crossing under the circumstances.

6. IBID.—IBID.—The doctrine of sudden peril, which excuses one from contributory negligence, is applicable to a case where a traveler in attempting to cross a railroad crossing does not collide with the car but is put in sudden peril, and in attempting to escape from collision is thrown from his buggy and injured.

7. IBID.—The instruction to the effect that contributory negligence of a negative character caused by the primary wrong should not be charged to the injured but to the original wrong-doer, *held* to be so vague and obscure as not to mislead the jury into supposing that contributory negligence might not be of a negative character.

MESSRS. JUSTICES JONES AND WOODS *dissent.*

8. REHEARING refused.

Before PRINCE, J., Chester, November term, 1906. Affirmed.

Action by William R. Douglass against Southern Railway Company and W. A. Stack. From judgment for plaintiff, defendants appeal.

*Messrs. Abney & Muller* and *J. E. McDonald,* for appellant. *Mr. McDonald* cites: *Under common law no rate of speed is negligence per se:* 8 Ency.; 3 Ell. on R. R., sec. 1160; 3 Thomp. on Neg., sec. 460; 5 S. C., 211; 7 S. C., 402; 34 S. C., 451; 57 S. C., 211; 67 S. C., 367. *Reciprocal duties of railroad and traveler at public crossing:* 238 Fed. R., 641; 5 S. C., 211; 7 S. C., 402; 57 S. C., 205; 72 S. C., 389; Shear. & Red. on Neg., secs. 461-4; 3 Ell. on R. R., secs. 1165-8. *Nonsuit should have been granted:* 52 S. E. R., 131; 44 Am. & Eng. R. R. (N. S.), 848; 49 S. E., 337; 51 S. E., 851. *As to the doctrine of sudden peril:* 1 Thomp.

on Neg., sec. 194; 2 Id., sec. 1616; 3 Ell. on R. R., 1772, 1788; 60 S. E. R., 57. *Contributory negligence of a negligent character will defeat recovery:* 77 S. C., 163; 56 S. C., 94; 30 S. C., 163. *Failure to stop, look and listen, is contributory negligence:* 5 S. C., 221; 7 S. C., 402; 34 S. C., 451; 72 S. C., 398; 63 S. C., 521; 140 Fed., 412; 121 Fed., 839; 95 U. S., 697; 174 U. S., 379.

*Mr. A. L. Gaston,* contra, cites: *Non-expert witness may give opinion evidence in some cases:* 72 S. C., 349; 57 S. C., 449; 72 S. C., 259; 67 S. C., 359. *Duty of railroad company to give notice upon approach of cars to a crossing:* 65 S. C., 218; 10 Rich., 227; 57 S. C., 205; 52 S. C., 323; 58 S. C., 70; 67 S. C., 370; 95 U. S., 161; 53 Minn., 551; 19 Am. & Eng. R. R. Cas., 359; 8 Ency., 412. *Issue of proximate cause is for jury: Wilson* v. *Chemical Co.,* 79 S. C.; 68 S. C., 64; 66 S. C., 316; 65 S. C., 436; 64 S. C., 498; 52 S. C., 323. *Proximate cause defined:* 1 Strob., 525; 54 S. C., 503; 52 S. C., 331; 66 S. C., 315; 70 S. C., 490; 21 Ency., 485, 487, 490, 491; 59 L. R. A., 109; 60 L. R. A., 269; 52 L. R. A., 448; 84 Tex., 82; 18 L. R. A., 154; 56 Mich., 430; 6 Bing., 716; 21 L. R. A., 721; 34 S. C., 211; 38 S. C., 199; 75 S. C., 68. *Burden of proof of contributory negligence:* 70 S. C., 470; 75 S. C., 68; 73 S. C., 500; 4 Rich., 232; 56 S. C., 91; 73 S. C., 467; 25 S. C., 53; 62 S. C., 130; 78 S. C., 70; 59 S. C., 535; 70 S. C., 525. *Contributory negligence brought about by the primary wrong is not chargeable to the injured:* 206 U. S., 1; 25 S. C., 60; 63 S. C., 521; 23 Fed. R., 728. *Whether failure to stop and listen is negligence is for jury:* 72 S. C., 392; 5 S. C., 221; 63 S. C., 271; 76 S. C., 308; *Drawdy* v. *Ry.,* 75 S. C.; *Wilson* v. *Chemical Co.,* 79 S. C. *Sudden peril relieves of contributory negligence:* 3 Ell. on R. R., 1173; *Wilson* v. *Chemical Co.,* 79; 52 S. C., 323; 76 S. C., 368; 75 S. C., 73; 152 U. S., 281; 144 U. S., 408; *Tuttle* v. *R. R.,* 54 L. R. A.; 20 L. R. A., 853; 11 L. R. A., 130; 14 L.

R. A., 743; 7 L. R. A., 843; 128 U. S., 91; 7 Ency., 392-3, 429-30, 456.

The opinion in this case was filed August 4th, but remittitur held up on petition for rehearing until

November 28, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 28th day of March, 1906, William R. Douglass, as plaintiff, began his action against the Southern Railway Company and W. A. Stack, defendants, for the recovery of ten thousand dollars damages. The grounds upon which he claimed damages at the hands of the defendants were:

"That on the 2d day of October, 1905, the plaintiff, in company with his wife and infant child, were driving his horse and buggy along the public road leading from Herbert to Carlisle, in Union county, in this State, and as he was about to cross the line of the Southern Railway Company's track, at a public crossing on said highway nearest Carlisle, a lever car on the track of the defendant, Southern Railway Company, and managed and controlled by the defendant, W. A. Stack, sectionmaster and agent of the defendant, came at a rapid rate of speed, without notice or warning to the plaintiff while in the act of crossing, and plaintiff, endeavoring to escape a collison of the said lever car, and in order to avoid being struck and run over by the said lever car, was compelled to whip his horse, and while so engaged, and while the said lever car was dangerously near and about to run over the plaintiff, the buggy was turned over and plaintiff was thrown violently to the ground, and the bones of his hip joint were fractured and his body was bruised and he has been confined to his bed ever since, to his great suffering and pain; has been put to great expense for medical attention and otherwise, and has suffered from the loss of his time from his work as a farmer, and his earning

capacity has been impaired, and while in the full vigor of manhood he has been maimed and injured to his damage and injury."

The answer of the defendant admits its corporate character, and on information and belief it admits the statements of the paragraph just admitted, but it alleges that the alleged injuries sustained by the plaintiff were the result of his own carelessness and negligence in failing to stop, look and listen at the public crossing mentioned in the complaint, and in whipping his horse so violently that the same became unmanageable, and thereby threw the plaintiff from his buggy, which said negligence, carelessness and wilful conduct on the part of the plaintiff caused and contributed directly and proximately to the injury about which the plaintiff complains in his complaint.

The answer of the defendant, Stack, was practically that adopted by the Southern Railway Company.

The cause came on for trial before Judge Prince and a jury, at the November term, 1906, of the Court of Common Pleas for Chester county; the jury rendered a verdict in favor of the plaintiff for eight thousand dollars. A motion for a new trial was refused. The defendants now appeal to this Court upon eleven exceptions.

1. "Because his Honor erred in permitting Dr. C. A. Crosby and John C. McAfee, witnesses for the plaintiff, to testify, against the objection of the defendants, that they did not consider the crossing near which the plaintiff was injured to be a safe crossing; the error being that said witnesses were not experts, and they were not entitled to give their opinions."

We overrule this exception, because the witnesses both stated their reasons for stating that the crossing was not safe; they were influenced by what they knew; one of them had for twenty-five years knowledge and experience of this crossing. The Circuit Judge announced that he would exclude their opinions if objection was made afterwards,

but, according to the testimony, no such objection was afterwards made.

2. "Because his Honor erred in permitting Mrs. Annie Douglass, a witness for the plaintiff, to testify, against the objection of the defendants, as follows: 'Q. Did you ever hear him (referring to defendant, W. A. Stack) say anything about how it happened? Mr. McDonald: You understand, we object to that as to the railroad. Mr. Gaston: It is as to him I am asking the question. Q. Did he say anything at all? A. Mr. Stack? Q. Yes. A. Well, when we got my husband aroused, he got after him about running into him. He says: "You have almost killed me." He says: "Well, I don't see why I was so careless." Q. Did he say whether or not he had come near to running into anybody else except on this occasion? Mr. McDonald: We object to that. Mr. Gaston: It shows his knowledge. The Court: I will permit it as to him. Q. Did he say whether or not he had? A. Sir? Q. Did he say whether or not he had come near running into anybody else there? A. Yes, sir. He said he had held up there the day before for Mrs. Linder and Mrs. Deaver. Q. He said he had held up there the day before? A. Yes, sir. Q. He said he didn't see why he was so careless on that occasion? A. He said he did not see why he was so careless.'

"The error being (a) that the statements were not part of the *res gestae.* (b) Because what occurred the day before to Mrs. Linder and Mrs. Deaver was not competent or relevant to this case, and could only have a tendency to mislead and prejudice the jury."

Certainly the testimony of Mrs. Douglass was received while present with her husband and Mr. Stack; the conversation referred to occurred as soon as Mr. Douglass was restored to consciousness, and was the result of a question addressed to Mr. Stack by Mr. Douglass; that testimony was certainly competent, so far as the party defendant, Stack, was concerned, and it was only in relation to Mr.

Stack that the Circuit Judge allowed the testimony to be brought out. We consider this a part of the *res gestae,* and on that account it was generally relevant. Under these circumstances this exception must be overruled.

3. "Because his Honor erred in refusing to grant the motion of the defendant for nonsuit, at the close of the defendant's testimony, on the ground that there was no negligence established by the evidence tending to show negligence on the part of the defendants, which was the proximate cause of the plaintiff's injury. The error being that the undisputed evidence failed to show: (a) That the defendants, or either of them, were guilty of negligence. (b) That if the evidence tended to show negligence on the part of defendants, such negligence was not the proximate cause of plaintiff's injuries."

We overrule this exception, because we feel that there was some testimony supporting the charge of negligence of the defendants.

4. "Because his Honor erred in charging the jury as follows: 'You will first decide whether the defendant company, its servants and agents, were negligent in the manner in which it was running that lever car in approaching that highway crossing. If it was—if the defendant company, its agents and servants, were negligent, and the negligence was the proximate cause of the plaintiff's injury, then the defendant would be liable unless the defendant has satisfied you by the greater weight of all the evidence in the case that the plaintiff contributed by his own negligence as a proximate cause to his own injury.' And further erred in charging the jury as follows: 'If he was injured through the negligence of the defendant company, its servants or agents, then he is entitled to recover unless the defendant company has satisfied you by the greater weight of all the evidence in the case that the plaintiff himself was negligent in that regard, or in connection with that crossing, in entering upon the crossing; and if he was negli-

gent, and if his negligence contributed as a proximate cause to his own injury, why, he cannot recover, even though the defendant company was negligent.' The error being that his Honor's charge places a greater burden upon the defendant in establishing the affirmative defense of contributory negligence than that imposed by law—the law being that the defendant is only required to prove his affirmative defense by the preponderance of the evidence upon that issue, and such charge was misleading to the jury."

We do not consider that this part of the charge of his Honor was either incorrect or misleading. The Circuit Judge demanded by his charge that these questions should be left open for the jury; there was testimony on the subject, and by the law it is made the duty of the jury to decide the issues so presented. This exception is overruled.

5. "Because his Honor erred in charging the jury as follows: 'But if he was not guilty of negligence, which contributed as a proximate cause to his own injury, then he had the right if he was found upon the railroad crossing—while he was upon the railroad crossing I will express it—the lever car was rushing upon him under such circumstances as would have justified the belief in a man of ordinary firmness and prudence that he was about to be run over—why, he is justified in using whatever means came to hand to save himself. But in order to justify him to use any means, except those that a man of ordinary prudence would have used, he must have been without fault in entering upon the crossing. In other words, he must himself have exercised that degree of care and caution and prudence which a man of ordinary prudence and caution would have exercised before entering on the crossing. The error being that the doctrine of sudden peril, which excuses one from contributory negligence, has no application to cases where a person has been injured at or near a railroad crossing."

We should always have in mind that the plaintiff, as to his prudence, must be judged by the testimony as given. In the case at bar the plaintiff had seen a train pass over that crossing a few minutes before he reached it; not only so, but he met two persons, Mrs. Deaver and another, who had just crossed there with perfect safety. The jury must determine whether such facts warranted the inference of the plaintiff that the opening was clear. No witness testified that any noise was heard from the lever car. The very first intimation of its presence on the track was when the horse drawing the buggy suddenly saw the lever car, and immediately afterwards the plaintiff and his wife saw it; it was in testimony that the lever car could not be seen until the track was approached. Therefore, the charge of his Honor as made was free from all objection. This exception must be overruled.

6. "Because his Honor, the presiding Judge, erred in charging the plaintiff's second request, as follows: 'If the negligence of the defendant be the direct and proximate cause of the injury alleged to have been sustained by the plaintiff, then the defendants are liable for damages to the plaintiff. No actual collision is alleged in the suit, and it is not necessary to prove a collision; but if the defendants were guilty of lack of ordinary care and of negligence in approaching the crossing, and by such negligence placed the plaintiff in a position of peril and created an overweening necessity, impressing him with an imminent danger, and such necessity be not brought upon himself by his own negligence, as the proximate cause, and he use the means at hand to escape an impending and overweening danger, and be injured as the result of the negligence of the defendants, there would be a natural and proximate injury as the result of defendant's negligence.' The error being that by this charge (a) his Honor charged as to the weight and effect of the testimony, in violation of the Constitution of this State. (b) He erred in holding and charging the

jury that the doctrine of sudden peril, which excuses one from a charge of contributory negligence, has no application to a case where injuries are received at or near a railroad crossing."

The plaintiff's second request, as charged by the Judge, was a safe charge. It is true there had been no collision, but there was every evidence of impending danger of such collision; the dumb beast even had felt it; the plaintiff felt it, as evidenced by his frantic efforts to escape it; the jury necessarily found that the plaintiff had used every effort to escape the danger, and dearly has he paid for his effort to accomplish what the utmost prudence demanded at his hands. This exception is overruled.

7. "Because his Honor erred in charging plaintiff's third request, which was as follows: 'If the plaintiff be placed in a position of peril by the negligence of the defendants, and there be a sudden emergency calling for him to act under peculiar circumstances, he would not be held to exercise the same degree of caution as in other cases, for regard must always be had to the exigencies of the person's position under all the circumstances of each particular occasion. Where human life or human safety is involved, and the issue is one of negligence, the law will not lightly impute negligence to an effort made in good faith, to preserve the one or secure the other, unless the circumstances under which the effort was made show recklessness or rashness.' The error being that the doctrine of sudden peril, which excuses contributory negligence on the part of a plaintiff, has no application to accidents or injuries received at, on or near a railroad crossing, and where there were no contractual relations existing between the person injured and the defendant company."

It seems to us that the imminent danger of the collision of the lever car with the plaintiff justified the plaintiff in doing all he did to escape the dire calamity which was impending upon him; the wife of his bosom and the child of

his loins looked to him for protection; the dumb brute driven by him expected the plaintiff to protect it. The charge of the Circuit Judge met these issues directly. and in his charge he made no error in this regard. We overrule this exception.

8. "Because his Honor erred in charging, from plaintiff's eighth request to charge, as follows: 'Culpable negligence of the plaintiff, which contributed to the injury, must always defeat the action, but the nature of the primary wrong has much to do with the judgment whether or not the contributing fault was of a negative character, such as a lack of vigilance, and was itself caused by or would not have existed but for the primary wrong. It is not in law to be charged to the injured one, but to the original wrongdoer.' 'I think that is right. I will risk charging it, but I don't clearly understand it.' The error being (a) that any negligence of a plaintiff, contributing as a proximate cause of his injury, will defeat his right to recover, no matter what may be the nature of the primary wrong or negligence of the defendant. (b) Such charge was clearly misleading to the jury and should not have been charged, as his Honor stated that he did not clearly understand it."

We do not think the Judge risked too much when he made the charge here complained of; for while it is true that culpable negligence of the plaintiff, which contributed to the injury, tends to defeat his action, yet such alleged negligence must be taken in connection with the primary wrong. This exception is overruled.

9. "Because his Honor erred in modifying the defendant's seventh request, which was as follows: 'The principle of law that a person placed in a position of sudden peril by the negligence of a railway company is not guilty of contributory negligence, unless he acts recklessly or heedlessly, has no application to travelers at a railroad crossing. The rule of sudden peril does not obtain or apply where the

6—82

danger is one incident to the place, its use of surroundings, for such danger is not a sudden peril within the meaning of the law, but a danger to be anticipated and guarded against by proper care and precaution on the part of a traveler.' The modification being as follows: 'I charge you that. A traveler cannot invoke that doctrine, if he has been guilty of negligence in entering upon the crossing without taking the necessary precautions to ascertain whether or not the train or car was coming. In other words, if he has failed to exercise that degree of care of which a man of ordinary prudence would have availed himself, would have used in like circumstances, he cannot invoke the doctrine that he was placed under an overweening necessity to do what he did, which resulted in his injury.' The error being: (a) That the request to charge contained a correct proposition of law, and his Honor should have charged the same without modification. (b) That his Honor erred in so modifying the request to charge as to make the doctrine of sudden peril applicable to injuries received by a traveler at, upon or near a railroad crossing."

We do not see any error here by the Circuit Judge; he met the issues, and his charge as made is sustained by the law.

10. "Because his Honor erred in modifying defendant's eighth request to charge, which was as follows: 'If a person voluntarily goes into a place of danger without exercising that degree of care required by law—ordinary care—he cannot recover, although after so getting into a place of danger he exercised his judgment to the best of his ability to escape from the danger; care is required to keep out of danger as well as to avoid it after getting into it. The rule that sudden peril excuses does not govern where a person without exercising due care goes into a place of danger, such as a railroad crossing is, and of which the track itself is a warning.' The modification being as follows: 'I charge you that. If he knows he is going upon a railroad cross-

ing, why, he can't invoke this doctrine—that is, unless he has exercised that degree of care which a person of ordinary prudence would have used before entering on the crossing to ascertain whether or not the train was coming. If he had exercised ordinary care before entering upon the crossing, and failed by the use of ordinary care to discover the approaching train or car until he was upon the crossing, why, then he could resort to this doctrine.   In other words, if he was without fault in getting into the dilemma, then he could use whatever means were apparently necessary to extricate himself from impending danger.   But if he had been guilty of carelessness in going on that railroad, getting himself into the trouble, he couldn't invoke the doctrine.' The error being: (a) That the request to charge contained a correct proposition of law, and his Honor should have charged the same without modification.   (b) Because by such modification his Honor made the doctrine of sudden peril, exonerating one from the charge of contributory negligence, applicable to the case of a traveler receiving an injury at, on, or near a railroad crossing, when such doctrine has no application to injuries received at, on, or near railroad crossings."

It seems to us that the doctrine laid down in the case of *Mack* v. *Rwy. Co.,* 52 S. C., 323, 29 S. E., 905, completely covers this case: "A railroad company is liable for damages for mental or physical injuries sustained in consequence of fright caused by its negligence."   Of course the question is first submitted to the jury, was there negligence by the defendant? 2. Was there mental or physical injuries sustained in consequence of fright caused by its negligence? The Judge took great care to have the charge contain these principles of law; having done so, there was no error.   This exception is overruled.

11. "Because his Honor erred in not granting defendant's motion for a new trial, on the minutes of the Court, on the following grounds, to wit: 1. That the undisputed

evidence shows that the plaintiff's injuries were not the result of any negligence on the part of the defendant. 2. That the undisputed evidence shows that plaintiff's own negligence was the cause of his injuries. 3. That the undisputed evidence shows that, even if there was any negligence on the part of the defendants, such negligence was not the proximate cause of the plaintiff's injuries. 4. That the undisputed evidence shows that the plaintiff was guilty of negligence, as a matter of law, in approaching the crossing mentioned in the complaint, and such negligence was the proximate cause of his injuries. 5. That the undisputed evidence shows that the plaintiff was guilty of contributory negligence, as a matter of law in approaching the said crossing without observing common prudence and ordinary care, by not taking any precautions to ascertain if the track was clear before crossing, and that such contributory negligence was a proximate cause of his injuries.

"The error being that the undisputed and uncontradicted evidence in the case showed, as a matter of law: (a) That plaintiff's injuries were the result of his own acts, and of his carelessness, recklessness and negligence. (b) That the undisputed and uncontradicted evidence shows that if there was any negligence whatever on the part of defendants, the same was not the proximate cause of plaintiff's injuries; but, on the contrary, the evidence shows that the plaintiff's own negligence and recklessness was the proximate cause of his injuries. (c) That the undisputed evidence shows that the plaintiff was guilty of contributory negligence, as a matter of law, in approaching the crossing that he knew to be dangerous without observing any care or prudence, and without taking any precaution to ascertain that the track was clear before attempting to cross."

We hold that the undisputed evidence shows that the plaintiff's injuries were the result of negligence on the part of the defendants. The undisputed evidence does not show that plaintiff's own negligence was the cause of his injury;

the undisputed evidence shows that there was negligence on the part of the defendants, and that such negligence was the proximate cause of the plaintiff's injuries; the undisputed evidence does not show that the plaintiff was guilty of negligence, as a matter of law, in approaching the crossing mentioned in the complaint, and that such negligence was the proximate cause of his injuries; the undisputed evidence does not show that plaintiff was guilty of contributory negligence, as a matter of law, in approaching said crossing. Such being our conviction, there was no error by the Circuit Judge in refusing a new trial. This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MR. JUSTICE JONES, *dissenting.* Without discussing whether the undisputed facts show contributory negligence on the part of plaintiff, I think there should be a reversal for error in charging plaintiff's eighth request. This charge was clearly misleading and confusing on the subject of contributory negligence, and was in violation of the principle declared in *Sanders* v. *Aiken Mfg. Co.,* 71 S. C., 59, 50 S. E., 679, wherein the Court held it was error to instruct the jury that contributory negligence of a negative character, such as lack of vigilance, would not relieve a defendant of liability for negligence. The charge was harmful, because of the issue made by defendant that the failure of plaintiff to look and listen before entering upon the railroad crossing was negligence, and proximately contributed to his injury.

MR. JUSTICE WOODS. *I dissent for the reasons stated in the opinion of Mr. Justice Jones.*

November 28, 1908. PER CURIAM. The Court has carefully examined the petition for rehearing in this cause.

The Court adheres to the doctrine laid down in a number of cases that lack of vigilance or a negligent failure to act may constitute contributory negligence, as well as negligent action. *Easler* v. *Ry. Co.,* 59 S. C., 311, 37. S. E., 938; *Sanders* v. *Aiken M. Co.,* 71 S. C., 58, 50 S. E., 679; *Bolton* v. *Tel. Co.,* 76 S. C., 532, 57 S. E., 543; and *McLean* v. *R. R. Co.,* 81 S. C., 100.

In this case the appellant's position was that the following language, used in the charge of the Circuit Judge, was inconsistent with the principle of law above stated: "Culpable negligence of the plaintiff, which contributed to the injury, must always defeat the action; but the nature of the primary wrong has much to do with the judgment, whether or not the contributing fault was of a negative character, such as a lack of vigilance, and was itself caused by or would not have existed but for the primary wrong. It is not in law to be charged to the injured one, but to the original wrong-doer." The view of the Justice who concurred in the ruling opinion was that this language of the request to charge, above quoted, was too vague and obscure to mislead the jury into supposing that contributory negligence might not be of a negative character, especially as the Circuit Judge had charged explicitly on the subject of contributory negligence. The dissenting Justices thought differently; but, after careful consideration, we are satisfied that a reargument of the case would not further enlighten the Court or produce any different result.

The petition is, therefore, refused.