7175

## STATE v. LINDSAY.

1. EVIDENCE.—DECLARATIONS made in presence of deceased at the time of shooting as to position of him and his slayer are incompetent.

2. CHARGE—ISSUES—SELF-DEFENSE.—Under the evidence in this case, it was prejudicial error for the Judge to instruct the jury that the law on the plea of self-defense is *strict* and *rigid* and that the affirmative of that issue must be *clearly established.*
   MR. JUSTICE JONES *dissents.*

3. OPINION.—Effect of indorsement on an opinion construed.

Before KLUGH, J., Greenville, January Term, 1908. Reversed.

Indictment against Thomas Lindsay and Columbus Sims for murder of J. R. Moon. From sentence on verdict of guilty with recommendation to mercy, defendants appeal.

*Messrs. Cothran, Dean & Cothran* for appellants, cite: *Declarations should have been received:* 74 S. C., 498. *Charge as to self-defense:* 56 S. C., 398; 33 S. C., 132.

*Solicitor J. E. Boggs,* contra, oral argument.

The opinion in this case was filed on March 24, 1909, but remittitur held up until

April 22, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. At the January, 1908, term of the Court of General Sessions for Greenville county, the jury convicted the defendants, Thomas Lindsay and Columbus Sims, of the murder of J. R. Moon and recommended them to the mercy of the Court. A motion for a new trial was refused.

The case is reeking with perjury on one side or the other. If the testimony of the family of the deceased be true, the defendant, Lindsay, in company with Columbus Sims, deliberately commenced firing into the house of deceased, and shot him to death while he was standing on his piazza. On the other hand, the defendants introduced testimony to the effect that the deceased and his family deliberately watched the public road for their approach, and as soon as they came within range opened fire on them from several parts of the premises; that the defendant Lindsay returned the fire in self-defense, while the defendant Sims hid behind a log.

These questions are involved in the appeal: First: Was it error to exclude the testimony of Dr. D. B. Jackson as to statements made in the presence of J. R. Moon before his death as to the position of the defendants and of J. R. Moon at the time he received the fatal shot? Such declarations are clearly inadmissible, for even the declarations of the deceased himself would not have been competent. *State* v. *Taylor,* 56 S. C., 369, 34 S. E., 939; *State* v. *Mills,* 79 S. C., 195, 60 S. E., 664.

Second: Was the Circuit Judge in error when he charged: "The law does permit one to kill another in self-defense, but the law is strict and rigid in applying the doctrine of self-defense, and unless the case of killing comes

clearly within the law of self-defense, then the law does not excuse it, and the plea of self-defense can not excuse, unless it be clearly established. It is not required that a person pleading self-defense shall establish it beyond all reasonable doubt, but he must establish it by the preponderance of the evidence, which is the greater weight of the evidence."

In view of the sharp issue of veracity between the witnesses on the question of self-defense, we can not escape the conviction that it was prejudicial to the defendants to single out the issue of self-defense and say to the jury, the law on that issue is "strict and rigid" and that the affirmative of that issue must be "clearly established." It is true, the Judge said in the same connection that the plea must be established by the preponderance or greater weight of the evidence, but when the instructions are considered together, they can have no other meaning than the law is strict and rigid in requiring the plea of self-defense to be clearly established by the preponderance of the evidence. The law is, that one who kills another is excused if he establishes the plea of self-defense by the preponderance of the evidence. While it is the duty of the Courts and juries to be resolute in rejecting the plea when not supported by a preponderance of the evidence, the Court is not at liberty to single out this plea as one which the law strictly and rigidly requires to be clearly established by the preponderance of the proof. In *Sanders* v. *Aiken Mfg. Co.*, 71 S. C., 58, 61, 50 S. E., 679, the instruction was: "Contributory negligence on the part of the plaintiff in order to absolve the defendant from liability must be clear and convincing." In holding this to be error, the Court said: "That such proof should be clear and convincing and, indeed, leave no room for any other inference to justify the Court in taking the case from the jury, there can be no doubt. *Doolittle* v. *Ry. Co.*, 62 S. C., 130, 40 S. E., 133. But there is no reason for a jury to require or seek proof more clear and convincing as to this

defense than any other in which the burden is on the defendant. The rule is, that he must establish contributory negligence by the preponderance of the evidence. It is highly desirable that evidence on all issues should be clear and convincing, but it tends to the prejudice of a party for the Court to single out an issue as to which the burden of proof is on him, and instruct the jury that he must prove his contention by evidence clear and convincing." The point is not free from difficulty, but after a careful examination of the whole record, we can not feel satisfied that the instruction did not overstate the burden imposed on the defendants in making out the plea of self-defense, and was prejudicial.

The third point that there was no evidence whatever to sustain the conviction cannot be sustained as to either of the defendants. There is to be a new trial, and for that reason it would be improper to discuss the evidence.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.

MR. JUSTICE JONES, *dissenting*. I concur in the judgment of reversal to the extent of granting a new trial to the defendant Columbus Sims, not however, upon the ground of misdirection in the charge to the jury, but upon the ground that there is no testimony whatever warranting his conviction.

With respect to the defendant Thomas Lindsay, there is testimony upon which to base a verdict of guilty, and the jury has settled the conflict in the testimony against his version, and the exceptions show no reversible error of law.

I cannot think the charge of the Judge was erroneous or prejudicial, construed as a whole. The jury were instructed with reference to the defendant's plea of self-defense as follows:

"Besides the plea of not guilty, they have interposed a plea of self-defense, and if a man kills another in the exercise of the lawful right of self-defense, the law excuses the killing. The law does permit one person to kill another in self-defense, but the law is strict and rigid in applying the doctrine of self-defense, and unless the case of killing comes clearly within the law of self-defense, then the law does not excuse it, and the plea of self-defense can not excuse unless it be clearly established. It is not required that a person pleading self-defense shall establish it beyond all reasonable doubt, but he must establish it by the preponderance of the evidence, which is the greater weight of the evidence."

The Court emphasized the last sentence above by afterwards charging again: "If it appears to your satisfaction from the evidence, by the preponderance of the evidence, that they did act in self-defense, then you are to find them not guilty."

Then finally the Court charged: "If the plea is not made out in all its phases, you are to advert to the indictment charging them with murder and their plea of not guilty, and determine from the evidence whether they be guilty or not, and upon the whole case if you have a reasonable doubt of their guilt, considering the plea of self-defense along with their other plea of not guilty you are bound to find them not guilty, or if you have a reasonable doubt as to whether they committed murder or manslaughter, but if they committed one or the other, then you are bound to give them the benefit of that doubt. Give them the benefit of every doubt."

There is no doubt that the law as to self-defense is strict and rigid, and that it is the duty of one setting up such plea as an affirmative defense to establish it to the satisfaction of the jury by the preponderance of the evidence. The instruction that such plea should be "clearly established by the preponderance of the evidence" could hardly be regarded as enlarging the burden upon the defendant, espe-

cially when it is qualified by the accompanying remarks showing that the plea need not be so clearly established as to remove every reasonable doubt, but should be so clearly established by the preponderance of the evidence as to satisfy the jury. As to the effect which the evidence bearing upon the plea of self-defense should have in determining whether the defendant was guilty of a felonious homicide, the jury were plainly instructed that if upon the whole case, including the evidence as to self-defense, any reasonable doubt remained as to defendant's guilt, it should be solved in favor of defendant. It seems clear that no particular defense of defendant was singled out for remarks by the Court, but that both of the defenses had full consideration, and on the other hand the duty of the State to make out its case beyond any reasonable doubt was the subject of repeated comment.

In the case of *Sanders* v. *Aiken Mfg. Co.,* 71 S. C., 58, 50 S. E.. 679, there were no qualifying words to the charge that "contributory negligence on the part of the plaintiff in order to absolve the defendant from liability must be clear and convincing," but even in that case the Court did not say that such unqualified language was sufficiently grave to warrant a reversal.

The judgment should be affirmed as to the defendant Thomas Lindsay, but reversed as to defendant Columbus Sims.

The dissenting opinion in the case was attached to the controlling opinion and on the wrapper of both the Chief Justice, Hon Y. J. Pope, wrote: "I concur," after the indorsement by Mr. Justice Jones, "I dissent, see within." There being some doubt as to whether the Chief Justice intended to concur in the controlling or the dissenting opinion, on petition of appellant the remittitur was held up and the Court filed the following order:

April 22, 1909.   PER CURIAM.   It appearing that the intention and effect of the indorsement by Hon. Y. J. Pope, then Chief Justice, on the opinion of Mr. Justice Woods, in the above stated case, was a concurrence in said opinion,

It is ordered, that the order staying the remittitur herein be revoked, and that the remittitur forthwith be sent down to the Circuit Court.