### 9060

### FITZGERALD AS ADMX., ETC., v. J. I. CASE THRESHING MACHINE CO.

(84 S. E. 991.)

NEGLIGENCE. CONTRIBUTORY NEGLIGENCE. CHARGE. REQUESTS.

1. CHARGE—HYPOTHETICAL STATEMENT OF FACTS—NEGLIGENCE—USE OF STREETS—COLLISIONS BETWEEN TRAVELERS—EVIDENCE—INSTRUCTIONS. —Where, in the action for death of a traveler struck by an automobile, the evidence showed that decedent riding in a wagon jumped therefrom and was struck by the automobile, and that he jumped because he believed that a collision was imminent, because of the negligence of the operator of the automobile, a charge that if decedent was lawfully traveling on the street, exercising ordinary care, and he was suddenly confronted with a situation which he honestly believed to be one of peril, and which a person of ordinary prudence would so believe, and such situation of supposed peril was brought about by the negligence of defendant, and decedent through fright or any other mental emotion acted unwisely, was not erroneous as drawing an inference from the facts and submitting the same to the jury.

2. NEGLIGENCE.—A person being suddenly confronted with a situation which he honestly believed to be one of extreme peril, and the appearances such as to justify a person of ordinary prudence and reason in reaching that conclusion, he would not be guilty of negligence in acting on such appearances.

3. CHARGE—REQUESTS.—The failure of the trial Judge to give specific instructions as to measure of damages, cannot be assigned as error in the absence of a request to so charge.

Before RICE, J., Charleston, April, 1914.

Action by Kate Fitzgerald, as administratrix of John Fitzgerald, deceased, against J. I. Case Treshing Machine Company. From a judgment for plaintiff, the defendant appealed. The facts and exceptions are stated in the opinion.

*Messrs. Mordecai & Gadsden & Rutledge* and *W. A. Holman,* for appellant, submit: *The charge was upon the facts:* 78 S. C. 103; 71 S. C. 156; 76 S. C. 49; 69 S. C. 434; 54 S. C. 509. *Negligence a mixed question of law and fact:* 35 S. C. 493; 25 S. C. 30; 51 S. C. 453. *Charge on contributory negligence:* 90 S. C. 414; 97 S. C. 86. *Failure to instruct jury as to measure of damages:* 42 S. C. 402.

*Messrs. Logan & Grace,* for respondent, submit: *As to charge:* 91 S. C. 219; 82 S. C. 79, 80; 97 S. C. 111; 81 S. C. 338. *No request for further charge on measure of damages:* 92 S. C. 75; 68 S. C. 428; 40 S. C. 586; 11 Ency. P. & P. 217; 57 S. C. 489; 58 S. C. 47; 60 S. C. 9; 61 S. C. 276.

*Mr. Holman,* for appellant, further cites: *As to act of deceased being the sole cause of injury:* 59 S. C. 535. *Charge:* 91 S. C. 219.

April 9, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

FOOTNOTE.—As to care required of one in sudden emergency, see note in 37 L. R. A. (N. S.) 37 to 58; and as to errors of judgment in face of sudden danger, see notes in 1 L. R. A. 195; 7 L. R. A. 843; 11 L. R. A. 131, and 46 L. R. A. (N. S.) 708.

This is an action for damages alleged to have been sustained through the wrongful acts of the defendant in causing the death of plaintiff's intestate.

The allegations of the complaint, material to the questions under consideration, are as follows:·

"That as plaintiff is informed and believes, on or about the 14th day of March, 1912, plaintiff's intestate, John Fitzgerald, was riding in a wagon coming down Meeting street, one of the public streets of the city of Charleston; that as said wagon was proceeding down said Meeting street the occupants of said wagon noticed an automobile coming down said Meeting street at a very high and dangerous rate of speed, and going from side to side of the street; that said wagon drew off to the extreme right of said street, but said automobile continued to come down and upon said wagon; that the said John Fitzgerald was seated on the tail end of said wagon facing said automobile; that said automobile suddenly came down almost upon said wagon, and the said John Fitzgerald, as plaintiff is informed and believes, seeing and believing that a collision was imminent, and being placed in a position of extreme peril, and an emergency having arisen, leaped from said wagon, and as he did so, was struck by said automobile, dragged for a considerable distance and received such fearful and terrific injuries that he shortly thereafter died. That said automobile was owned, managed, controlled and operated by said defendant corporation, its agents·and servants, in the following particulars, to wit:

(a) By causing and allowing the said automobile to be operated on Meeting street at a high and dangerous rate of speed and at a rate of speed greater than ten (10) miles an hour, in violation of section 625 of the city ordinances of the city of Charleston.

(b) In causing and allowing the said automobile to be operated in such a manner as to run down and upon said

John Fitzgerald while he was on a public street of the city of Charleston.

(c) In failing and omitting to have thorough control of said automobile, so as to have stopped the same and prevented said accident, in violation of section 624 of the city ordinances of the city of Charleston."

The defendant denied the allegations of the complaint, and set up the defense of contributory negligence, alleging that it was so gross as to amount to wilfulness.

The jury rendered a verdict in favor of the plaintiff for $20,000.00, of which $5,000.00 was for punitive damages.

The defendant appealed upon two exceptions, the first of which is as follows:

"That the Court committed error in charging the plaintiff's fifth request, as follows:

" 'The jury are instructed, that if they believe from the testimony that plaintiff's intestate, John Fitzgerald, was lawfully traveling upon a public highway, exercising that degree of care which a man of ordinary prudence and caution would exercise, was suddenly confronted with a situation which he honestly believed to be one of extreme peril, and which a person of ordinary prudence and reason would have so believed, and such situation of supposed peril was brought about through the negligence of the defendant, or its servants, and deceased, through fright, or any other mental emotion or· operation, acted unwisely or erroneously, that would not be negligence on his part.'

"The error being, that his Honor erred in charging on the facts in saying that the acts of a person under the circumstances mentioned in said request would not constitute negligence."

The appellant's attorneys in their argument say: "It is respectfully submitted, that in this portion of the charge, to which objection is made, the Judge practically summed up the controverted facts, and stated to the jury, that in view

of these facts, the deceased would not have been guilty of negligence, thus drawing an inference from the facts and submitting the same to the jury."

Reference to the said request will show that the proposition for which the appellant's attorneys contend is based upon a misapprehension of the facts.

That portion of the request which charged that if the deceased, "through fright or any other mental emotion or operation, acted unwisely or erroneously, that would not be negligence on his part," was dependent upon two issues of fact, *which were submitted throughout the charge to the jury,* to wit:

1. Whether "the deceased was suddenly confronted with a situation which *he* honestly believed to be one of extreme peril," and (2) whether *"a person of ordinary prudence and reason* would have so believed." The charge · was intended to instruct the jury, as to the right of the deceased to act upon *appearances,* when he honestly believed that he was in extreme peril, and the appearances were such as to justify a person of ordinary prudence and reason in reaching that conclusion.

In other words, that the right of the plaintiff to recover damages was not dependent upon the fact that if the deceased had remained in the wagon (as the others did) he would not have been injured. Just as in the criminal law, where the rule is, that a person assaulted, has the right to act upon appearances; for instance, if a pistol is pointed at him, although it may not be loaded, nevertheless, if he believes that he is in danger of losing his life or suffering serious bodily injury, and the circumstances were such as to justify an ordinary person in reaching the same conclusion, he would not be guilty in acting on appearances.

In the case of *Lawson* v. *R. R.,* 91 S. C. 201, 74 S. E. 473, an exception assigning error in the refusal to charge the following request, was sustained:

"Lawson, plaintiff's intestate, traveling upon the public highway and having exercised that degree of care, caution and prudence which a man of ordinary prudence and caution would have exercised, went upon the track of Southern Railway Company where it crosses the public highway, and he was then and there confronted by sudden peril and danger, to which the negligence of said company or its servants subjected and exposed him, he acted unwisely or erroneously, that would not be negligence or gross or wilful negligence on his part."

This exception is overruled.

The second exception is as follows:

"Because the Court committed error in not charging the jury, in respect to the principles, upon which damages are allowed in cases of this character, and allowing the jury to draw their conclusions, as to the proper legal principles to be applied in such cases."

The rule is too well settled to call for the citation of authority to show that the failure of his Honor, the presiding Judge, to charge the jury in the manner specified in the exception, cannot be assigned as error, unless the appellant presented requests to charge embodying the principles upon which it relied.

Judgment affirmed.