## 9317

WATERS v. SOUTH CAROLINA LIGHT, POWER & RYS. CO.

(88 S. E. 289.)

1. RAILROADS—CROSSING ACCIDENTS—INSTRUCTIONS.—In an action for damages resulting from a crossing accident, the Court charged that it was obligatory on plaintiff to establish by the preponderance of the evidence that in some one or more of the ways, or by some one of the negligent acts set out in the complaint, he was injured, and therefore the jury should first determine whether he was injured, and next how injured, and, if not injured by one or more of the negligent acts set out in the complaint, verdict should be for defendant. *Held,* that the charge was not erroneous as permitting the jury to find for plaintiff though he did not establish by the greater weight of the evidence that defendant was negligent.

2. TRIAL — INSTRUCTIONS — ASSUMING NEGLIGENCE. — In such case, the charge was not erroneous as being on the weight of the evidence, contrary to Const., art V, sec. 26, in assuming that defendant was guilty of negligence.

3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INSTRUCTIONS.—In a crossing accident case, the Court charged that, when a traveler in using a public highway exercises due care and caution in going on a railroad crossing and is confronted by a sudden peril due to the negligence of the railroad company, he is not guilty of negligence if, because of fright, he does not take the safest course. Plaintiff claimed that, when he saw defendant's car approaching, he told the driver to whip up, thinking he could get over the tracks. There was abundant evidence to show plaintiff's injuries and defendant's negligence. *Held,* that the instruction, if technically incorrect, was harmless.

Before Hon. C. M. EFIRD, special Judge, Spartanburg, ———, 1915.  Affirmed.

Action by P. N. Waters against the South Carolina Light, Power and Railways Company. From a judgment for plaintiff, defendant appeals.

FOOTNOTE.—As to care required of one confronted with sudden emergency, see notes in 37 L. R. A. (N. S.) 43 to 58. Errors of judgment when confronted with sudden danger, see notes in 6 L. R. A. 195, 7 *Ib.* 843, 11 *Ib.* 131. As to contributory negligence at railroad crossing of driver of automobile required to act in an emergency, see notes in 46 L. R. A. (N. S.) 708.

*Messrs. Sanders & DePass,* for appellant, cite: *As to charge:* 94 S. C. 254; 81 S. C. 338; 90 S. C. 415; 97 S. C. 85. Distinguishes 100 S. C. 439; 82 S. C. 72.

*Messrs. Wallace & Barron, Barron & Barron, Nicholls & Nicholls,* for defendant, cite: 82 S. C. 78; 91 S. C. 219; 100 S. C. 439.

March 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages for personal injuries by the plaintiff against the defendant alleged to have been received by collision with a car of the defendant at a highway crossing in the county of Spartanburg on June 8, 1912. The cause was tried at the Summer term of Court, 1915, for Spartanburg county, before Special Judge Efird, and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,500. After entry of judgment, defendant appeals, and by two exceptions questions the charge of his Honor.

The exceptions are:

1. In that, after stating the issues raised by the pleadings, he charged the jury as follows: "In the first place, it is obligatory upon the plaintiff to establish, first, that he was injured, by the preponderance of evidence, and then he must establish, secondly, that he was injured in some one or more of the ways or by some one or more of the negligent acts set out in his complaint, by the preponderance of the evidence. Now, therefore, in considering the case, you take those questions: First, was he injured, and, second, how was he injured? If you find that in the affirmative, was he injured in any one or more of the manners set out in this complaint? Now, if you find that he was not injured, or if you find that he was not injured by any one or more of the negligent acts set out in the complaint, then stop there and write your verdict for the defendant." The errors being, as

it is respectfully submitted, that his Honor in so charging instructed the jury : (a) That the defendant would be liable if the plaintiff established by the preponderance of the evidence that he was injured by "some one or more of the ways" alleged in the complaint, without further instructing the jury that it was the duty of the plaintiff to establish by the greater weight of the evidence that the defendant was negligent, even though it should appear that plaintiff was injured by one or more of the ways alleged in the complaint. (b) That in charging the jury they could find a verdict against the defendant if the plaintiff had established to their satisfaction, by the preponderance of the evidence, that the plaintiff was injured "by some one or more of the negligent acts set out in his complaint," he led the jury to infer that the acts alleged in the complaint were negligent acts; whereas, it is respectfully submitted, it depends upon the evidence whether the acts were negligent or not. (c) That in so charging, it is respectfully submitted, his Honor invaded the province of the jury, and charged upon the facts, and led them to infer that the acts alleged in the complaint were negligent acts, independent of the evidence, contrary to the provisions of section 26, art. V, of the Constitution of this State.

2. Because, it is respectfully submitted, his Honor erred in instructing the jury as follows: "When a traveler, in using a public highway, exercises due care and caution in going on a railroad crossing, and is there and then confronted by sudden peril and danger, to which the negligence of the railroad company or its servants subjected him, and if through fright or mental condition he acts unwisely or erroneously, that would not be held negligence on his part, provided, gentlemen, that he has not before been guilty of negligence, and his negligence, combining and concurring with the negligence of the railroad company, brought about the situation in which he was caused to act unwisely or imprudently." The errors being, as it is respectfully submitted:

(a) In that, in so charging, his Honor failed to instruct the jury that the true test under the supposed facts was "whether a reasonably prudent man, in the same exigency," would have acted as the facts showed that the plaintiff acted in the case at bar.    (b) Because in that, in so charging, his Honor, it is respectfully submitted, violated section 26, art. V, of the Constitution, and charged upon the facts, and invaded the province of the jury, and instructed them that, when one exercised due care and caution in going on a railroad crossing, and is then and there confronted by sudden peril and danger, to which the negligence of the railroad company or its servants subjected him, and if he then, through fright or other mental condition, acts unwisely or erroneously, that this would not be held as negligence on his part, provided he was not guilty of negligence before going on the railroad track; whereas, it is respectfully submitted, that whether he was guilty of negligence, which would contribute as a proximate cause to his injury, would depend upon whether he acted as a man of ordinary prudence and care would have acted after being confronted with sudden fright and peril, independent of whether he was careless or negligent, before that particular time or not.    (c) Because, in so charging, his Honor failed to instruct the jury that the rule of law governing one under the circumstances stated by his Honor would depend upon whether the person confronted with sudden danger or peril acted as a man of ordinary care and prudence would have acted under the same circumstances.    (d) Because, in so charging, his Honor put it in the power of the jury to find against the defendant, even though they might, from the evidence, find that the plaintiff did not act as a man of ordinary care and prudence would have acted after being confronted with sudden peril.

We do not think the first exception is well taken.    A careful reading of his Honor's charge satisfies us that the jury were fully and correctly charged as to the issues in

the case and the law applicable thereto, and his charge could not in any manner be construed to be prejudicial to the defendant, and, if either side desired him to charge more fully, they should have requested it. This exception is overruled.

The second exception further complains of his Honor's charge, and, while his Honor's charge might have been technically erroneous, we construe it to be harmless and not enough to work reversal. The plaintiff testified when he saw the car coming he was already on the track in the wagon; he told the driver to whip up, as he thought he could get over; but the car struck the hind wheel of the wagon and knocked him out. A person, when confronted suddenly and unexpectedly with a great danger, cannot be presumed to act with the same caution and care that is expected of him in a cool, calm, and normal condition when he is in possession of all his faculties and his nerve unjarred; but, when confronted unexpectedly with great danger, he is presumed to act more on his instincts as a primitive man. There was evidence to sustain plaintiff's allegations of negligence. The evidence was clear and convincing, he was seriously hurt, and while his Honor's charge was technically erroneous, and while it does not come within the rule as laid down in the cases relied on by the respondent in *Douglas* v. *Railroad,* 82 S. C. 78, 62 S. E. 15, 63 S. E. 5, and *Fitzgerald* v. *Threshing Machine Co.,* 100 S. C. 439, 84 S. E. 991, yet it is not sufficiently erroneous to warrant reversal.

This Court has held, in *Manufacturing Co.* v. *Casualty Co.,* 78 S. C. 73, 58 S. E. 969, and reaffirmed and approved in *Dennis* v. *Columbia Electric St. Ry., L. & P. Co.,* 93 S. C. 299, 76 S. E. 711, and *Lowe* v. *Ottaray Mills,* 93 S. C. 426, 77 S. E. 135:

"But this Court should not order a new trial where, from an examination of the record, it has no doubt the verdict of any fair jury would have been the same, even if no error had

been committed. In such a case, the errors should be regarded not prejudicial."

Exceptions overruled.

Judgment affirmed.

MR. JUSTICE FRASER did not sit in this case.